UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MADISON NAPERKOWSKI, TEDDRA ROBERTS and BRANDY MARTIN, and individually and on behalf of all other persons similarly situated who were employed by CANTON-POTSDAM HOSPITAL, ROCHESTER REGIONAL HEALTH, AYA HEALTHCARE SERVICES, INC., and/or any other entities affiliated with or controlled by CANTON-POTSDAM HOSPITAL, ROCHESTER REGIONAL HEALTH and/or AYA HEALTHCARE SERVICES, INC., Plaintiffs, -against- CANTON-POTSDAM HOSPITAL, ROCHESTER REGIONAL HEALTH, AYA HEALTHCARE SERVICES, INC., and any related entities, Defendant. | 6:25-cv-1375 (AJB/TWD) **COMPLAINT** **FLSA COLLECTIVE ACTION** **and** **CLASS ACTION** **JURY TRIAL DEMANDED** |

Named Plaintiffs Madison Naperkowski, Teddra Roberts and Brandy Martin (collectively "Named Plaintiffs"), by their attorneys Gattuso & Ciotoli, PLLC; allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142 *et. seq.* to recover unpaid wages and overtime compensation as well as related damages owed to the Named Plaintiffs and all similar situated persons (collectively "Plaintiffs") who are presently or were formerly employed by Defendants Canton-Potsdam

Hospital, Rochester Regional Health, and/or Aya Healthcare Services, Inc., or any other staffing agencies providing similarly situated persons to Canton-Potsdam Hospital or Rochester Regional Health and/or any other entities affiliated with or controlled by Canton-Potsdam Hospital, Rochester Regional Health, or Aya Healthcare Services, Inc., (hereinafter "Defendants") in trades and occupations entitled to receive overtime compensation.

2. From at least October 2019 and continuing through the present, Defendants have engaged in a policy and practice of depriving its employees of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

3. From at least October 2019 and continuing through the present, Defendants have engaged in a policy and practice of having its employees regularly work in excess of 40 hours per week without providing overtime compensation as required by the applicable federal and state laws.

4. Upon information and belief, Defendants also failed to provide appropriate wage notices and pay statements to Named Plaintiffs and those similarly situated as required under NYLL.

5. Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

7. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

9. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

10. Named Plaintiff Madison Naperkowski is an individual who is currently a resident of Oneida County, New York, and was employed jointly by Defendants as an hourly paid Registered Nurse from March 2022 through January 2025.

11. Named Plaintiff Teddra Roberts is an individual who is currently a resident of St. Lawrence County, New York, and was employed by Defendants Canton-Potsdam Hospital and/or Rochester Regional Health as an hourly paid Registered Nurse from January 1998 through May 2023.

12. Named Plaintiff Brandy Martin is an individual who is currently a resident of Franklin County, New York, and was employed by Defendants Rochester Regional Health and/or Canton-Potsdam Hospital as an hourly paid Certified Nurse Assistant from December 2021 through January 2025.

13. Upon information and belief, Defendant Canton-Potsdam Hospital is a domestic not-for-profit corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 50 Leroy Street, Potsdam, New York 13676.

14. Upon information and belief, Defendant Rochester Regional Health is a domestic not-for-profit corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 100 Kings Highway S., Rochester, New York 14617.

15. Upon information and belief, Defendant Aya Healthcare Services, Inc. is a domestic corporation organized and existing under the laws of the State of California and authorized to do business within the State of New York, with a principal place of business at 5930 Cornerstone Ct. West, Suite 300, San Diego, California 92121.

16. At all times relevant to this action, all Defendants were jointly Named Plaintiff Naperkowski's employer as defined by NYLL §§ 2(6), 190(3), and 651(6), as well as 29 U.S.C. § 203, *et seq*.

17. At all times relevant to this action, Defendants Canton-Potsdam Hospital and Rochester Regional Health and were Named Plaintiffs Roberts' and Martin's employer as defined by NYLL §§ 2(6), 190(3), and 651(6), as well as 29 U.S.C. § 203, *et seq*.

**CLASS ALLEGATIONS**

18. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

19. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

20. This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendants as hourly paid Registered Nurses, Certified Nurse Assistants and/or Licensed Practical Nurses and were paid hourly wages who had meal breaks automatically deducted from their wages while working at Defendants Canton-

Potsdam Hospital and Rochester Regional Health and all other locations where Defendant Aya Healthcare provided Registered Nurses, Certified Nurse Assistants and/or Licensed Practical Nurses.

21. Named Plaintiffs and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants common policy and/or plan to violate the FLSA and NYLL by failing to pay Named Plaintiffs, and those similarly situated, neither their regular hourly wage nor the minimum wage for all hours worked, and overtime hours at one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

22. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be at least hundreds of employees. Additionally, the names of all potential members of the putative class are not known.

23. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendants failed to pay the appropriate regular or minimum wage for hours up to 40 in a week and overtime wages for all hours worked in excess of 40 in a week; (2) whether Defendants failed to provide Named Plaintiffs, and those similarly situated, proper wage notices and wage statements during the time of their employment.

24. The claims of Named Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs and putative class members were all subject to Defendants' policies and willful practice of failing to pay regular and/or minimum wages and failure to pay overtime wages for all hours worked; as well as Defendants' failure to provide wage notices and proper pay statements as required by NYLL.

25. Named Plaintiffs and counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants policies.

## **FACTS**

27. Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

28. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

**Named Plaintiff Madison Naperkowski**

29. Named Plaintiff Madison Naperkowski was employed jointly by all Defendants from approximately March 2022 through January 2025 as a Registered Nurse.

30. Named Plaintiff Naperkowski was hired by Defendant Aya Healthcare and placed at Defendants Canton-Potsdam Hospital and Rochester Regional Health on a contractual basis.

31. Named Plaintiff Naperkowski typically worked 12-hour shifts.

32. Named Plaintiff Naperkowski was paid varying rates of pay throughout her time working for Defendants. For example, in a pay statement dated April 8, 2022, she was paid $81.00, in a pay statement dated January 6, 2023, she was paid $47.00 per hour, and in a pay statement dated August 16, 2024, she was paid $32.00 per hour.

33. Named Plaintiff Naperkowski worked overtime hours. For example, in the pay statement dated April 8, 2022, she worked 52.50 hours, in the pay statement dated January 6, 2023, she worked 40.50 hours, and in the pay statement dated August 16, 2024, she worked 47.75 hours. Additionally, in a pay statement dated May 6, 2022 she worked 48.25 hours and in a pay statement dated June 3, 2022 she worked 48 hours.

34. Named Plaintiff Naperkowski regularly worked through unpaid meal breaks because she was too busy attending to patients to take a full or partial 30-minite meal break.

35. When Named Plaintiff Naperkowski worked through an unpaid meal break it was often at the overtime rate of pay.

**Named Plaintiff Teddra Roberts**

36. Named Plaintiff Roberts was employed by Defendants Canton-Potsdam Hospital and/or Rochester Regional Health as an hourly paid Registered Nurse from January 1998 through May 2023.

37. Named Plaintiff Roberts typically worked 12-hour shifts.

38. Named Plaintiff Roberts typically worked from 5:00 p.m. to 7:00 a.m.

39. Named Plaintiff Roberts was paid $48.18 per hour.

40. Named Plaintiff Roberts worked overtime. For example, in a pay statement dated December 24, 2021, she worked 7.25 hours of overtime, in apay statement dated January 7, 2022, she worked 1.25 hours of overtime, in a pay statement dated April 29, 2022, she worked 8.75 hours of overtime, in a pay statement dated May 13, 2022, she worked 7.75 hours of overtime, and in apay statement dated June 22, 2022, she worked 9.00 hours of overtime.

41. Named Plaintiff Roberts regularly worked through unpaid meal breaks because she was too busy attending to patients to take a full or partial 30-minite meal break.

42. When Named Plaintiff Roberts worked through an unpaid meal break it was sometimes at the overtime rate of pay.

**Named Plaintiff Brandy Martin**

43. Named Plaintiff Martin was employed by Defendants Canton-Potsdam Hospital and/or Rochester Regional Health as an hourly paid Certified Nurse Assistant from December 2021 through January 2025.

44. Named Plaintiff Martin was paid $25.60 per hour.

45. Named Plaintiff Martin worked both 3:00 p.m. to 11:00 p.m. shifts and 7:00 a.m. to 3:00 p.m. shifts during her time working for Defendants Canton-Potsdam Hospital and Rochester Regional Health.

46. Named Plaintiff Martin worked overtime hours during her employment by Defendants Canton-Potsdam Hospital and Rochester Regional Health.

47. Named Plaintiff Martin is not in possession of her pay statements from Defendants Canton-Potsdam Hospital and Rochester Regional Health.

48. Named Plaintiff Martin has been denied access to her employee portal since leaving the employ of Defendants.

49. Named Plaintiff Martin will request her pay statements from Defendants Canton-Potsdam Hospital and Rochester Regional Health with an authorization and through the discovery process of this litigation and upon receipt of the same she will amend this complaint to provide details regarding her overtime hours.

50. Named Plaintiff Martin regularly worked through unpaid meal breaks because she was too busy attending to patients to take a full or partial 30-minite meal break.

51. When Named Plaintiff Martin worked through an unpaid meal break it was sometimes at the overtime rate of pay.

**Defendants' Operations**

52. This action is brought on behalf of Named Plaintiffs and a putative class collective consisting of similarly situated employees who worked for Defendants as hourly paid Registered Nurses, Certified Nurse Assistants and Licensed Practical Nurses, and other employees performing similar direct nursing and personal care support in furtherance of Defendants operations as a hospital and medical facility and/or, more specifically, Defendant Aya Healthcare's operations as a medical staffing provider.

53. Defendants Canton-Potsdam Hospital and/or Rochester Regional Health operate a medical facility located at 50 Leroy Street, Canton, New York 13676.

54. Defendant Aya Healthcare is a healthcare staffing agency and provides medical professionals such as and including named Plaintiff Naperkowski to Defendants Canton-Potsdam Hospital and Rochester Regional Health at its location at 50 Leroy Street, Canton, New York 13656.

55. On any given day at Defendants Canton-Potsdam Hospital and Rochester Regional Health at its location at 560 Leroy Street, Canton, New York, there are either 12 or 8 hour shifts being worked by Registered Nurses, Certified Nurses and Licensed Practical Nurses.

56. Defendants Canton-Potsdam Hospital and Rochester Regional Health facility at 50 Leroy Street in Canton has four floors.

57. Upon information and belief, during the relevant time period, Defendants Canton-Potsdam Hospital and Rochester Regional Health at its Leroy Street facility for each shift would have approximately five to seven Registered Nurses working on the first floor; two to five

Registered Nurses working on the second floor; five to seven Registered Nurses working on the third floor; and five to seven nurses working on the fourth floor.

58. Upon information and belief, during the relevant time period, Defendants Canton-Potsdam Hospital and Rochester Regional Health at its Leroy Street facility for each shift would have approximately two to three Certified Nurse Assistants working on each of the four floors.

59. Upon information and belief, during the relevant time period, Defendants Canton-Potsdam Hospital and Rochester Regional Health at its Leroy Street facility for each shift would have approximately two to three Licensed Practical Nurses working on the second floor and none or one working on the other floors.

60. Upon information and belief, Defendants Canton-Potsdam Hospital and Rochester Regional Health at its Leroy Street facility regularly had approximately 48 Registered Nurses, 24 Certified Nurse Assistants and six Licensed Practical Nurses that worked each day throughout the relevant period of time. Based on this information alone, the putative class satisfies numerosity.

61. While working for Defendants, Named Plaintiffs and other similarly situated employees were regularly required to perform work for Defendants without receiving pay for all hours worked and overtime compensation when appropriate, as required by applicable federal and state law.

62. For example, during each named Plaintiffs' entire duration of employment with Defendants they would routinely clock in to begin their shifts and clock out to end their shifts.

63. For every shift over six hours, one-half hour (30 minutes) would be automatically deducted from their pay for a meal break.

64. Defendant Aya Healthcare was aware of Defendants Canton-Potsdam Hospital and Rochester Regional Health's policy of auto deducting the 30-minute meal breaks.

65. Named Plaintiffs, and those similarly situated, were all too busy working and caring for patients due to consistent staffing problems to take a full or even partial uninterrupted work-free meal break during their shifts that were over six hours long.

66. The degree to which Named Plaintiffs and those similarly situated were over worked and too busy to take a full 30-minute uninterrupted meal break, or any meal break at all, is well documents. Named Plaintiffs Naperkowski and Roberts regularly completed and/or signed handwritten "Protest Forms" forms with those similarly situated that specifically notified Defendants Canton-Potsdam Hospital and Rochester Regional Health of how busy they were.

67. In fact, several forms specifically state that no meal break was taken.

68. Named Plaintiffs Naperkowski and Roberts are in possession of copies of some of the above forms.

69. Despite this, Defendants would still automatically deduct 30 minutes of pay from the pay checks of all Named Plaintiffs' and those similarly situated.

70. Upon information and belief, this procedure and circumstances were the same for all members of the putative class.

71. In weeks specifically set forth above by Named Plaintiffs Naperkowski and Roberts, upon information and belief, the deducted one-half hour of pay was at their respective overtime rates of pay. Upon information and belief, this also occurred for all weeks Named Plaintiffs, and members of the putative class, worked over 40 hours.

72. Named Plaintiffs regularly observed many other similarly situated Registered Nurses, Certified Nurse Assistants and Licensed Practical Nurses regularly not receiving meal breaks.

73. As a result, Named Plaintiffs and those similarly situated were routinely not paid for all hours worked and at times deprived of appropriate overtime compensation.

74. Named Plaintiff Naperkowski reported to Defendants Canton-Potsdam Hospital and Rochester Regional Health's Nurse Manager Austie Claxton. Nurse Claxton set Named Plaintiff Naperkowski's schedule, approved time off requests and would receive complaints about patients and/or coworkers, if any. All work procedures and protocols that Named Plaintiff Naperkowski were required to learn and follow were provided by Defendants Canton-Potsdam Hospital and Rochester Regional Health. Any and all in-service training or other continuing education was provided to Named Plaintiff by Defendants Canton-Potsdam Hospital and Rochester Regional Health.

75. Upon information and belief, Named Plaintiffs' and all similarly situated Registered Nurses, Certified Nurse Assistants and Licensed Practical Nurses who worked through their meal breaks were subject to Defendants' auto-deduction practice and did not get paid for the time they spent working through their breaks.

76. On one or more occasions, Named Plaintiffs had complained with co-workers about Defendants meal break auto-deduction policy and practice and not being able to take meal breaks. One such complaint in particular was made by named Plaintiff martin to union representative "Melissa."

77. Defendants consistently and repeatedly used this policy, procedure and method of automatically deducting one-half hour for meal breaks whether taken by the employee or not and at times failing to pay overtime across the members of the putative class.

78. Named Plaintiffs, and those similarly situated, did not receive wage notices.

79. Named Plaintiffs, and those similarly situated, received from Defendants inaccurate pay statements for each and every pay period that wrongfully deducted one or more one-half hour meal breaks that were not actually taken by Named Plaintiffs and those similarly situated. The pay statements were unreliable in that they incorrectly recorded all hours for which Named Plaintiffs and those similarly situated were owed pay and misled them as to whether they were properly paid for all hours worked. Each pay statement that wrongfully stated the hours due to Named Plaintiffs and those similarly situated constitutes a separate and individual actionable violation of the FLSA and NYLL, as stated herein.

**FIRST CAUSE OF ACTION**

**UNPAID WAGES AND OVERTIME UNDER FLSA**

80. The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

81. Named Plaintiffs and similarly situated hourly employees of Defendants bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

82. Under the FLSA, Named Plaintiffs and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA.

83. Defendants willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiffs and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

84. Upon information and belief, Named Plaintiffs and those similarly situated hourly employees frequently worked more hours than what they were paid for and frequently had

adjustments made to their time clock records resulting in a paycheck for less time than what the Named Plaintiffs and those similarly situated actually worked.

85. On this claim for relief, the Named Plaintiffs on behalf of themselves and other similarly situated hourly employees of Defendants, seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid to the Named Plaintiffs and other similarly situated employees.

86. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION

## UNPAID REGULAR TIME AND OVERTIME UNDER NYLL

87. Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

88. Pursuant to Article Six of the New York Labor Law, workers, such as Named Plaintiffs and other members of the putative class action, are protected from wage underpayments and improper employment practices.

89. Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

90. As person employed for hire by Defendants, Named Plaintiffs and other members of the putative class action are "employees," as understood in Labor Law § 190.

91. Pursuant New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

92. As an entity that hired the Named Plaintiffs and other members of the putative class, Defendants are an "employer."

93. Named Plaintiffs and other members of the putative class agreed upon wage rate and/or overtime compensation rate constitutes “wages” within the meaning of New York Labor Law §§ 190, 191.

94. Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Named Plaintiffs and other members of the putative class action are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

95. Pursuant to New York Labor Law § 652 and the cases interpreting same, “Every employer shall pay to each of its employees for each hour worked a wage of not less than” the statutory minimum wage.

96. In failing to pay Named Plaintiffs and other members of the putative class proper wages for time worked in one week, Defendants violated New York Labor Law § 191, by failing to pay Plaintiffs and other members of the putative class all of their wages earned within the week such wages were due, and violated Labor Law § 652, by failing to pay Plaintiffs minimum wages for all hours worked.

97. Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee.

98. By withholding wages for time worked in any given week from Plaintiffs and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting

the same, Defendants made unlawful deductions in wages owed to Plaintiffs and other members of the putative class.

99. Pursuant to New York Labor Law § 198, Named Plaintiffs and those similarly situated bring this action to recover wages to which they are entitled.

100. Under NYLL, Named Plaintiffs and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

101. Additionally, Named Plaintiffs and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

102. Even though Named Plaintiffs and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendants refused and continues to refuse to provide required breaks and failed and continues to fail to pay Named Plaintiffs and those similarly situated for all hours worked at the appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, *et. seq*., 650, *et. seq*., and 19 NYCRR §§ 142, *et. seq.*

103. Upon information and belief, Defendants willfully, purposefully, and maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

104. On this claim for relief, the Named Plaintiffs on behalf of themselves and other similarly situated hourly employees of Defendants seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiffs and other similarly situated employees.

105. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the NYLL.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE ANNUAL WAGE NOTICES AND PAY STATEMENTS UNDER NYLL**

106. Plaintiffs repeats and re-alleges the allegations set forth above as if fully set forth herein.

107. Defendants has willfully failed to provide Named Plaintiffs and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

108. Defendants have willfully failed to provide Named Plaintiffs and those similarly situated with proper and accurate pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; accurate recording of all

hours due to be paid; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

109. Named Plaintiffs, and those similarly situated, did not receive all required wage notices and pay statements during their employment with Defendants.

110. Through their knowing or intentional failure to provide Named Plaintiffs with the wage notices and pay statements required by the NYLL, Defendants willfully violated NYLL §§ 191(1) and (3) and the supporting New York State Department of Labor Regulations.

111. According to NYLL § 198-1(b), Named Plaintiffs, and those similarly situated, are entitled to $50 for every day they did not receive a wage notice up to a total of $5,000, together with costs and reasonable attorney's fees.

112. According to NYLL § 198-1(b), Named Plaintiffs, and those similarly situated, are entitled to $250 for every day they did not receive a proper and accurate pay statement up to a total of $5,000, together with costs and reasonable attorney's fees.

113. By the foregoing reasons, Defendants violated NYLL §§ 195(1) and (3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**JURY TRIAL DEMANDED**

114. Plaintiffs demands that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

(1) On the First Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the

amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA;

(2) On the Second Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law, and

(3) On the Third Cause of Action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(4) Such other and further relief as this Court may deem just and proper.

Dated: Fayetteville, New York
October 2, 2025

By: /s/Frank S. Gattuso
Frank Gattuso, Esq.
Ryan G. Files, Esq.
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066
315-314-8000
315-446-7521 (fax)
fgattuso@gclawoffice.com
rfiles@gclawoffice.com

*Attorneys for the Plaintiff and putative class*

To: Canton-Potsdam Hospital
50 Leroy Street
Potsdam, New York 13676

Rochester Regional Health
100 Kings Highway S.
Rochester, New York 14617

Aya Healthcare Services, Inc.
5930 Cornerstone Ct. West
Suite 300
San Diego, California 92121